UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTNET WORLDWIDE CORP. INC.,

               Plaintiff,

-v.-

GABRIEL GRUBER,

               Defendant.

21 Civ. 10459 (JHR)

DEFAULT JUDGMENT

---

JENNIFER H. REARDEN, District Judge:

Plaintiff Artnet Worldwide Corp. Inc. brings this breach of contract action against Defendant Gabriel Gruber, in connection with Defendant's alleged failure to pay for artwork on which he had bid at Plaintiff's online auction. ECF No. 1 (Compl.). Before the Court is Plaintiff's motion for default judgment based on Defendant's failure to appear or respond to the Complaint. *See* ECF No. 20 (Pl.'s Mot.). For the reasons stated below, Plaintiff's motion is GRANTED.

## BACKGROUND

On December 7, 2021, Plaintiff filed the instant action against Defendant, who resides in Argentina. *See* Compl.; Pl.'s Mot. Ex. 1 (Robinson Aff.) ¶ 8, Ex. 3 (Cobian Aff.) ¶ 5. In January 2022, Plaintiff sought to serve process through channels established under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.[1]

---

[1] Under Federal Rule of Civil Procedure 4(f)(1), "individuals in a foreign country" may be served "by any international agreed means reasonably calculated to give notice, such as those means authorized by" the Hague Convention. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) (citing Fed. R. Civ. P. 4(f)(1)). As both Argentina and the United States are parties to the Hague Convention, *see* Cobian Aff. ¶ 5, service of process is governed by that agreement. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.").

Specifically, pursuant to the Hague Convention, on January 3, 2022, Spanish-language translated copies of the summons and Complaint were delivered to the Central Authority in Argentina.[2]  Robinson Aff. ¶ 8; Cobian Aff. ¶¶ 6, 8-9; Cobian Aff. Ex. 1.  Additional documents filed in this action were delivered to the Central Authority on March 4, 2022.  Robinson Aff. ¶ 8; Cobian Aff. ¶¶ 10-11; Cobian Aff. Ex. 2.  On July 19 and August 19, 2022, Ancillary Legal Corporation—"a company that routinely serves international legal process," which Plaintiff had retained to effect service—contacted the Central Authority for an update on service.  Cobian Aff. ¶¶ 2, 12; *see id.* Exs. 3-4.  The Central Authority responded that "the local judicial authority [was] still processing the request."  Cobian Aff. ¶ 12; *see id.* Exs. 3-4.  On October 26, 2022, Ancillary Legal Corporation contacted the Central Authority again, but "no response was given."  Cobian Aff. ¶ 12; *see id.* Ex. 5.

On December 5, 2022, a Clerk's Certificate of Default was entered.  ECF No. 18.  On December 16, 2022, the Court issued an Order to Show Cause[3] directing Plaintiff to file an application for default judgment, and to transmit a copy of the application and the December 16 Order itself to the Central Authority for service on Defendant.  ECF No. 19.  The Order further directed Plaintiff, by May 9, 2023, to "file either proof of service or proof of attempts to contact the Central Authority for status updates on service."  *Id.*  Finally, the Court set a deadline of May

---

[2] Pursuant to Article 5 of the Hague Convention, Argentina does not accept "documents to be served or transmitted unless they are accompanied by a translation into the Spanish language." Declarations and Reservations, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=389&disp=resdn.

[3] The Order to Show Cause was issued by Judge Torres, who previously presided over this action.  On January 24, 2023, this case was reassigned to this Court.  *See* ECF No. 21 (Notice of Reassignment).

30, 2023 for Defendant to oppose Plaintiff's motion for default judgment and scheduled a hearing on the motion for June 20, 2023.  *Id.*

Plaintiff complied with these directives.  On December 20, 2022, Plaintiff filed the instant motion for default judgment.  ECF No. 20.  On May 9, 2023, Plaintiff filed a letter furnishing proof that the December 16 Order and the default judgment papers had been delivered on January 2, 2023 to the Central Authority, and that a copy of those documents had been mailed to Defendant's last known email and mailing addresses.  ECF No. 22 (Pl.'s Ltr.); *see id.* Exs. A, B.  With respect to its attempts to contact the Central Authority, Plaintiff stated in its May 9 letter that it "ha[d] not received any confirmation from the Central Authority that these or any prior papers were in fact delivered . . . to [D]efendant in Argentina."  Pl.'s Ltr. at 1.  Plaintiff also noted that, on April 14, 2023, its counsel had been contacted by attorney Joshua L. Seifert, who claimed to "ha[ve] been engaged to represent the Defendant."  *Id.* at 2.  Mr. Seifart had represented to Plaintiff's counsel that, while "the Central Authority in Argentina had not delivered any papers sent to [Defendant]," Defendant "was now aware of the motion for a default judgment and intended to oppose it."  *Id.*

Despite Mr. Seifart's representations, Defendant did not file an opposition to the motion by the May 30, 2023 deadline or otherwise appear in this action.  On June 9, 2023, the Court issued an Order adjourning *sine die* the June 20 hearing on Plaintiff's motion and affording Defendant an additional opportunity to respond to the motion—by June 26, 2023.  ECF No. 23.  On June 12, 2023, Plaintiff filed proof of service on Defendant of the June 9 Order.  ECF No. 24.

Defendant did not meet the June 26 deadline.  To wit, Defendant has not responded to the Complaint, opposed the motion for default judgment, or otherwise appeared.

## DISCUSSION

Where a defendant fails to appear in an action after attempted service of the complaint and summons, a plaintiff may move for entry of a default judgment in accordance with Federal Rule of Civil Procedure 55.  *See* Fed. R Civ. P. 55.  Where, as here, a plaintiff pursues a channel of transmission for service of process under the Hague Convention, "Article 15 [of the Hague Convention] sets forth certain conditions that must be met before a default judgment can be entered against a defendant."  *Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. 18 Civ. 5625 (PKC) (AYS), 2020 WL 4679631, at *4 (E.D.N.Y. July 23, 2020).  Specifically, pursuant to Article 15, a court may enter a default judgment, "even if no certificate of service or delivery has been received" under the Convention, "if three conditions are fulfilled: '(1) the document was transmitted by one of the methods provided for in th[e] Convention'; (2) 'a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document'; and (3) 'no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.'"  *Id.* (quoting Hague Convention art. 15).  Here, all three conditions have been satisfied.  *See*, *e.g.*, *Kiss Nail Prods., Inc.*, 2020 WL 4679631, at *5.

First, the Complaint and summons were "transmitted by one of the methods provided for in [the] Convention" when Spanish translations of these documents were delivered to the Central Authority in Argentina on January 3, 2022.  Hague Convention art. 15(a); *see* Robinson Aff. ¶ 8; Cobian Aff. ¶¶ 6, 8-9; Cobian Aff. Ex. 1.  Second, more than a year and a half "has elapsed since the date of the transmission of the document[s]" to the Central Authority.  Hague Convention art. 15(b).  Third, "no certificate of any kind has been received" from the Central Authority, "even though every reasonable effort" "has been made" by Plaintiff.  Hague Convention art. 15(c).

In addition, constitutional due process is satisfied. *See Burda*, 417 F.3d at 303 ("[I]n addition to the Hague Convention, service of process must also satisfy constitutional due process."). Due process requires "notice reasonably calculated," under all the circumstances, to "apprise interested parties of the pendency of the action." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Plaintiff demonstrated that the default judgment papers and other documents concerning the litigation were sent "to the last known email and mailing address of Defendant in Argentina," and that Defendant is "aware of the motion for a default judgment." Pl.'s Ltr.; *see id.* Ex. B. Where, as here, Defendant has "actual notice of this litigation," and "service via electronic mail is likely to reach the defendant, due process is satisfied." *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011).[4] Defendant was "afford[ed] . . . an opportunity to present [his] objections" to the default judgment, but failed to do so. *Id.* (quoting *Luessenhop v. Clinton Cnty.*, 466 F.3d 259, 269 (2d Cir. 2006)). Accordingly, entry of judgment on Plaintiff's behalf is warranted.

## CONCLUSION

For the foregoing reasons, the Court enters a default judgment for Plaintiff against Defendant, in an amount to be determined at an inquest, plus costs, interest, and attorneys' fees to be determined based on Plaintiff's submissions and any subsequent submission(s) that may be required in order to conduct an inquest.

By separate Order, the Court will refer this case to the designated Magistrate Judge for an inquest into damages. By October 9, 2023, Plaintiff shall serve this Order upon Defendant and file an affidavit attesting to such service.

---

[4] In light of Defendant's actual notice of the litigation and the transmission of documents to Defendant via email, (*see* Pl.'s Ltr.; *id.* Exs. A, B), the Court need not address whether service at Defendant's last known mailing address in Argentina would satisfy due process.

        The Clerk of Court is directed to terminate ECF No. 20.

        SO ORDERED.

Dated:  September 30, 2023
         New York, New York

                                                                                          _____
                                                                                           JENNIFER H. REARDEN
                                                                                           United States District Judge