UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTNET WORLDWIDE CORP. INC., | |
| Plaintiff, | 21 Civ. 10459 (JHR) (KHP) |
| -v.- | ORDER ADOPTING REPORT AND RECOMMENDATION |
| GABRIEL GRUBER, | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff Artnet Worldwide Corp. Inc. brings this action against Defendant Gabriel Gruber for breach of contract. ECF No. 1 (Compl.). Specifically, Plaintiff avers that Defendant, after entering a successful bid to purchase a painting through Plaintiff, violated Plaintiff's terms and conditions by refusing to pay. *Id.* at ¶¶ 7-8. Before the Court is the Report and Recommendation of Magistrate Judge Katharine H. Parker recommending that the Court enter judgment for Plaintiff in the amount of $100,000, as well as $22,449.24 in attorneys' fees and costs, prejudgment interest on $100,000 at 9% from June 2, 2021 to the date of entry of judgment, and post-judgment interest pursuant to 28 U.S.C. §1961. ECF No. 30 at 1. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Parker's recommendation.

## BACKGROUND

On December 7, 2021 Plaintiff filed the instant action against Defendant, who resides in Argentina. *See* Compl. Pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), on January 3, 2022, Spanish-language translated copies of the summons and Complaint were delivered to the Central Authority in Argentina. ECF No. 25 at 2; ECF No. 20-1 ¶ 8; ECF No. 14; ECF No.

14-1 at 2.  On November 15, 2022, the Court permitted Plaintiff to seek a default judgment pursuant to Article 15 of the Hague Convention.[1]  ECF No. 15; *see* ECF No. 25 at 4 ("[P]ursuant to Article 15, a court may enter a default judgment, 'even if no certificate of service or delivery has been received' under the Convention, 'if three conditions are fulfilled: (1) the document was transmitted by one of the methods provided for in th[e] Convention; (2) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document; and (3) 'no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.'" (quoting *Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, No. 18 Civ. 5625 (PKC) (AYS), 2020 WL 4679631, at *4 (E.D.N.Y. July 23, 2020))).

On December 5, 2022, a Clerk's Certificate of Default was entered.  ECF No. 18.  On December 20, 2022, Plaintiff moved for default judgment.  ECF No. 20.  On September 30, 2023, the Court entered a default judgment for Plaintiff against Defendant and referred the case to Judge Katharine H. Parker "for an inquest into damages."  ECF No. 25 at 5.

On July 22, 2024, Judge Parker issued a 14-page Report and Recommendation that Plaintiff be awarded "(a) principal damages in the amount of $100,000, representing Plaintiff's actual damages, (b) attorneys' fees and costs totaling $22,449.24, (c) prejudgment interest on such damages, at the interest rate of $24.65 per day from June 2, 2021 through the date of entry of judgment; and (d) post-judgment interest pursuant to 28 U.S.C. §1961."  *See* ECF No. 30. at 13.  The Report and Recommendation notified the parties that Plaintiff had "fourteen days" and Defendant had "seventeen days . . . to file written objections."  ECF No. 30 at 14.  The Report

---

[1] This case was originally assigned to the Honorable Analisa Torres and reassigned to this Court in 2023.

2

and Recommendation also cautioned that "**[f]ailure to file timely objections w[ould] result in a waiver of those objections for purposes of appeal.**" *Id.* (emphasis in original). No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of those objections for purposes of appeal," ECF No. 30 at 14, Defendant did not file any objections to the Report and Recommendation. Thus, Defendant waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in

3

any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff is awarded $100,000 in damages, $22,449.24 for attorneys' fees and costs, prejudgment interest on $100,000, at the rate of $24.65 per day from June 2, 2021 through the date of entry of judgment, and post-judgment interest pursuant to 28 U.S.C. §1961. By **June 10, 2025**, Plaintiff shall serve this Order upon Defendant and file an affidavit attesting to such service.

The Clerk of Court is directed to terminate all pending motions and close the case. The Clerk of Court is further directed to mail a copy of this Order (i) to Plaintiff at its address of record and (ii) to Defendant at:

> Gabriel Gruber
> Tronador 3430, TR1, 3D
> Buenos Aires, Argentina 1430.

SO ORDERED.

Dated: June 4, 2025
New York, New York

JENNIFER H. REARDEN
United States District Judge